ROBERT R. McCALL and MARTHA G. McCALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCall v. Commissioner
Docket No. 19162-81.
United States Tax Court
T.C. Memo 1982-315; 1982 Tax Ct. Memo LEXIS 435; 44 T.C.M. (CCH) 62; T.C.M. (RIA) 82315; June 7, 1982. William B. Shearer, Jr., and Patrick Henry, for the petitioners. Bettie N. Ricca, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction filed on September 21, 1981. A hearing on this motion was held on January 26, 1982, in Atlanta, Georgia. Respondent contends that the petition herein was not filed within the period prescribed in section 6213(a). [1]
*436 Petitioners Robert R. McCall and Martha G. McCall, husband and wife, resided in LaGrange, Georgia, when they filed their petition in this case. On April 15, 1981, respondent mailed the statutory notice of deficiency to petitioners at their last known address. In the notice of deficiency, respondent determined deficiencies and additions to tax in petitioners' Federal income taxes as follows: Addition to Tax
Year
Deficiency
Sec. 6653(b)
1974
$ 4,580.18
$ 2,290.09
1975
9,780.60
4,890.30
1976
11,624.68
5,812.34
1977
11,814.93
5,907.47
On or about June 17, 1981, an attorney with a law firm in Atlanta, which firm has an active civil and criminal tax practice, prepared the petition to this Court which he forwarded to petitioners for their review and signature. On June 22, 1981, the petition was returned to the attorney. Upon receipt of the petition, the attorney gave it to the office manager of the law firm, and instructed her to prepare an envelope in which to send the petition to the Tax Court. Sometime later in the day, the office manager returned an 8-1/2 by 11 inch sealed envelope to the attorney which bore the address of the Tax Court *437 and a private postage meter stamp. Late that afternoon he placed the envelope in the law firm's mail basket. On June 23, 1981, the petition was received by the Internal Revenue Service Center, Atlanta, Georgia, which is located in Chamblee, Georgia. Upon receipt, the envelope containing the petition was destroyed or discarded. On July 15, 1981, the petition was forwarded to the Tax Court by the Atlanta Service Center. The 90-day period for filing the petition with this Court expired on July 14, 1981, which was not a legal holiday in the District of Columbia. On July 17, 1981, the petition was received and filed by the Court. Section 6213(a) provides that a taxpayer in the United States may file a petition with the Tax Court for a redetermination of a deficiency within 90 days after the Commissioner has mailed a deficiency notice to such taxpayer at his last known address. If a petition is received within the 90-day period, the petition is deemed filed on the date it is received. If, on the other hand, a petition is received more than 90 days after the mailing of the deficiency notice, the petition is considered filed when mailed if the requirements of section 7502 [2] and *438 the regulations thereunder are satisfied. *439 Section 7502 will not apply unless the petition is mailed in a properly addressed envelope. Sec. 7502(a)(2)(B). See also sec. 301.7502-1(c)(1)(i), Income Tax Regs. Unfortunately, petitioners have failed to prove that the petition was mailed to the Tax Court in a properly addressed envelope.While the attorney gave the petition to the office manager instructing her to prepare an envelope addressed to the Tax Court and later received a sealed envelope properly addressed to the Court, there is no evidence whatsoever in the record to verify that the petition was actually contained in that envelope. Although the attorney obviously assumed that the petition was in the envelope, he did not testify that he knew for a fact that the envelope contained the petition. Furthermore, the only person in a position to know whether the envelope contained the petition, the law firm's office manager, did not testify, and no explanation was offered for her failure to testify. Although petitioners argued that the United States Postal Service misdelivered the petition to the Atlanta Service Center, they failed to establish that the error was made by the Postal Service and not their law firm. At trial, *440 respondent offered into evidence the uncontroverted testimony of the acting manager, Quality Control, United States Postal Service, that the likelihood of such an error by the Postal Service was less than one percent. Under these circumstances, we cannot find that the Postal Service erred when, as suggested by respondent, it is just as reasonable to assume that a firm engaged in an active tax practice might inadvertently mail the petition to the Atlanta Service Center in an envelope addressed to the Service Center and, at the same time, mail a document that it intended to file with the Service Center in the envelope addressed to the Tax Court. Accordingly, since section 7502 is inapplicable to the instant case and the petition was not actually filed within the 90-day period, we must grant respondent's motion to dismiss for lack of jurisdiction. To reflect the foregoing.
An appropriate order will be issued.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule.-- (1) Date of Delivery.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) Mailing Requirements.--This subsection shall apply only if-- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made. (b) Postmarks.--This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary.↩